IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                            )<br>                           Plaintiff,          )<br>                                                            )           CRIMINAL ACTION<br>v.                                                         )<br>                                                            )           No.  10-20129-14-KHV<br>JANIS DIGGINS,                                  )<br>                          Defendant.        )<br>_____) | |

**MEMORANDUM AND ORDER**

Defendant pled guilty to the offense of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 280 grams of cocaine base.  See Plea Agreement (Doc. #296) ¶ 1.  On July 6, 2011, the Court sentenced defendant to 71 months in prison.  This matter is before the Court on defendant's letter (Doc. #643) filed November 4, 2011, which the Court construes as a motion for retroactive application of the sentencing guidelines under 18 U.S.C. § 3582(c).  For reasons stated below, the Court overrules defendant's motion.

Defendant asks the Court to reduce her sentence based on the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA") and Amendment 750 to the Sentencing Guidelines, which implemented portions of the FSA.  In part, the FSA raised the amount of crack cocaine necessary to trigger the ten-year mandatory minimum from 50 to 280 grams.  Here, the statutory change does not apply to defendant because the indictment alleged and defendant pled guilty to conspiracy to distribute and possess with intent to distribute more than 280 grams of cocaine base and more than five kilograms of cocaine.

The FSA and Amendment 750 also reduced the crack cocaine/powder cocaine ratio to 18:1 in the Sentencing Guidelines.  Here, the Court determined that defendant was accountable for 1.36 kilograms of powder cocaine.  ¶¶ 151, 159.  Because the Court did not determine the sentencing

guideline range based on any amount of crack cocaine, the amendment to the guideline range for crack cocaine offenses does not alter defendant's sentencing guideline range.

Defendant also asks that the Court reduce her sentence based on a number of factors including post-conviction rehabilitation. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582©. Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See id.; Fed. R. Civ. P. 35 (authorizes resentencing to correct illegal sentence on remand from court of appeals, to reflect defendant's substantial assistance on motion of the government, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Civ. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #643) filed November 4, 2011, which the Court construes as a motion for retroactive application of the sentencing guidelines under 18 U.S.C. § 3582(c), be and hereby is **OVERRULED**.

Dated this 21st day of November, 2011 at Kansas City, Kansas.

                s/ Kathryn H. Vratil
                KATHRYN H. VRATIL
                United States District Judge