IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 10-20129-14-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| JANIS DIGGINS, | ) | No. 12-2272-KHV |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #749-1) filed May 10, 2012. For reasons set forth below, the Court overrules defendant's motion.

**Factual Background**

On March 31, 2011, defendant pled guilty to the offense of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 280 grams of cocaine base. See <u>Plea Agreement</u> (Doc. #296) ¶ 1; <u>Petition To Enter Plea Of Guilty And Order Entering Plea</u> (Doc. #295). On July 6, 2011, the Court sentenced defendant to 71 months in prison and ten years of supervised release. Defendant was represented by Mark A. Thomason.

Defendant did not appeal, but on May 10, 2012, she filed this motion under 28 U.S.C. § 2255. Defendant asserts that her sentence should be vacated because counsel was ineffective in that he did not object to the use of defendant's expunged felony theft conviction from 1991 in the calculation of her criminal history score.

**Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

Defendant claims that counsel was ineffective because he did not object to the use of her

expunged felony theft conviction from 1991 in the calculation of her criminal history score.[1] Defendant correctly notes that the Sentencing Guidelines state that "[s]entences for expunged convictions are not counted" in computing a defendant's criminal history category. U.S.S.G. § 4A1.2(j). Even so, the Tenth Circuit has noted that an "expunged" conviction under state law is not necessarily considered an "expunged" conviction under the Sentencing Guidelines. See United States v. Hines, 133 F.3d 1360, 1364 (10th Cir. 1998) (state nomenclature does not control whether sentence is "expunged" for purposes of Sentencing Guidelines). An "expunged" conviction under state law still counts in computing a defendant's criminal history score if the reason for the expungement was simply to restore civil rights or remove the stigma of a criminal conviction. United States v. Myrick, 94 Fed. Appx. 804, 807 (10th Cir. 2004) (citing Hines, 133 F.3d at 1363). The sentencing court must count an expunged conviction in calculating a defendant's criminal history score unless the expungement was based upon actual innocence or an error of law. Hines, 133 F.3d at 1363; see Myrick, 94 Fed. Appx. at 807-08 (prior expunged conviction counts in calculating criminal history category where defendant does not present evidence demonstrating that conviction was expunged because of innocence or error of law).

Here, defendant does not allege or present evidence that her prior conviction was expunged because of actual innocence or an error of law.[2] Accordingly, counsel's decision to withdraw the

---

[1] Defense counsel initially objected to use of the 1991 conviction in calculating defendant's criminal history because it had been expunged. See Amended Presentence Investigation Report (Doc. #480) ¶ 265. At sentencing, defense counsel withdrew the objection based on the response of the Probation Office and the relevant Tenth Circuit law.

[2] The Presentence Report explained as follows:

The Probation Office has obtained the Order of Expungement for both Wyandotte

(continued...)

-3-

objection to defendant's expunged conviction was not deficient or prejudicial. The Court therefore overrules defendant's motion to vacate her sentence.

## Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle her to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. 1997) (Table) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate

---

[2](...continued)
County District cases (Case Nos. 91CR0151 and 2001CR46). Both orders outline the findings made by the Court that resulted in the expungement of the cases. Those findings including a finding that a certain time period had elapsed since the defendant satisfied the sentence (4 years in 91CR0151 and 18 months in 2001CR46). The findings further include findings that the defendant had not been convicted of a felony in the past two years and no proceeding involving any such crime is presently pending or being instituted against the defendant. The United States Sentencing Guidelines address previous convictions that are set aside for reasons unrelated to innocence or errors of law and instructs those sentences are to be counted. U.S.S.G. § 4A1.1, Application Note 10.

Amended Presentence Investigation Report (Doc. #480) ¶ 269.

of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[3] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #749-1) filed May 10, 2012 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to the Court's ruling on defendant's Section 2255 motion.

Dated this 4th day of September, 2012, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).