# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 10-20129-14-KHV |
| ) | |
| JANIS DIGGINS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On July 6, 2011, the Court sentenced defendant to 71 months in prison and ten years of supervised release. This matter is before the Court on defendant's letter (Doc. #837) filed October 9, 2013, which the Court construes as a motion to reduce sentence. Defendant asks the Court to reduce her sentence because she has participated in various BOP programs, she has maintained employment in prison and she has accepted responsibility. The Court commends defendant's efforts and her participation in BOP programs, but as explained below, the Court does not have authority to reduce her sentence at this time.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these

exceptions apply here.  Defendant has not cited any statute which authorizes the Court to modify her sentence.  Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time.  See id.; Fed. R. Crim. P. 35 (authorizes resentencing to correct illegal sentence on remand from court of appeals, to reflect defendant's substantial assistance on motion of the government, and to correct arithmetical, technical or other clear error within seven days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors).  Finally, the Court does not have inherent authority to resentence defendant.  See Blackwell, 81 F.3d at 949.  For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #837) filed October 9, 2013, which the Court construes as a motion to reduce sentence, be and hereby is **OVERRULED**.

Dated this 28th day of October, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge